In the Matter of the Judicial Settlement of the Account of MARY C. ROGERS, as Administratrix, etc., of GUY C. GOSS, Deceased.

BENJAMIN TUTHILL, a Judgment Creditor, etc., Petitioner, Appellant; MARY C. ROGERS, Administratrix, etc., and MARY R. GOSS, Respondents.

*Creditor's claim against a decedent's estate — assets of the estate — life insurance for benefit of wife.*

Upon a proceeding before a surrogate, on the petition of a judgment creditor of a decedent for a settlement of the accounts of the decedent's administratrix and for the payment of the petitioner's judgment, in which the administratrix had answered that there was no property, it appeared that the decedent was an agent for a certain company, and had a bank account kept by him as agent, out of the deposit in which he was entitled to some $300 for services. The creditor claimed that this sum should be held to be assets in the hands of the administratrix. The surrogate found that the expenses of the decedent's last sickness and funeral consumed this amount.

*Held,* that this sum was not to be deemed assets.

The deceased had earned a commission from a certain ship-building company, but payment thereof was not due at the time of his death. Shortly before his death, he received a letter from the company acknowledging the indebtedness, which letter he gave to his wife, with directions to collect the amount, and with it to pay certain premium notes which he had given on policies of insurance on his life for the benefit of his wife. The wife collected the commission after the decedent's death, and kept it, having allowed the notes out of the amount payable on policies. It was not found that the letter was the subject of a gift *inter vivos* or *causa mortis.*

*Held,* that if the power to collect after death existed, it must be because the title to the commission in some way passed to the wife; that the proof did not establish this; and, hence, that in the present state of the case this amount should be deemed assets.

The creditor also claimed that premiums in excess of $500 in one year, under chapter 277 of the Laws of 1870, upon three insurance policies which the

decedent had procured on his life, should be held to be assets. It appeared that two of the policies were payable to the decedent's wife, and that the third was payable to the personal representative of the decedent, but had been assigned by the decedent to his wife.

*Held,* that as the assignment of the latter policy was found to have been made in good faith and without fraud, and as the proof failed to show that $500 had been paid for premiums in any one year out of the funds of the decedent, it appearing that his wife had a separate estate out of which she contributed to the premiums, no case was made out to charge the administratrix on this account.

APPEAL by the petitioner, Benjamin Tuthill, a judgment creditor of Guy C. Goss, deceased, from a decree of the Surrogate's Court of Richmond county, entered on the 13th day of March, 1893, adjudicating that the administratrix of the said decedent is not accountable for any money or property whatever.

*Thos. J. Ritch, Jr.,* for Benjamin Tuthill, judgment creditor, appellant.

*Sidney F. Rawson* and *Calvin D. Van Name,* for Mary C. Goss (now Mary C. Rogers), administratrix, etc., of Guy C. Goss and Mary R. Goss, respondents.

BARNARD, P. J.:

Letters of administration were issued to Mary C. Rogers, a daughter of Guy C. Goss, by the surrogate of Richmond county, on the 11th of June, 1890. The petitioner, Benjamin Tuthill, had recovered a judgment against the deceased, Guy C. Goss, in his lifetime, which remains unpaid. He petitions as a creditor for a settlement of the accounts of the administratrix, and that he be paid his judgment and claim. The administratrix answered that there was no property. Upon the trial before the surrogate the controversy was confined to three items which the petitioner claimed should be held to be assets in the administratrix's hands. The deceased was an agent for the Donpart Company. He had a deposit as agent in the Seaboard Bank. He had a right to some $300 for his services out of this bank account. The expenses of the last sickness of deceased and his funeral expenses consumed this amount, and this fact is so found by the surrogate.

The deceased had, in his lifetime, procured a vessel contract for the

SECOND DEPARTMENT, JULY TERM, 1893.       [Vol. 71.

New England Ship Building Company, of Bath, Maine. The payment for the commission on this contract was not due at the death of Goss. He had been unable to pay the premiums on three life insurance policies for the benefit of his wife, and gave his notes for the premiums due in the early part of the year 1890. A few weeks before he became sick he received a letter from the company acknowledging the indebtedness. He gave this letter to his wife, with directions to collect the amount and with it to pay the premium notes then given. The wife did collect the $500 after his death and allowed the notes out of the policy, and kept the $500. A power of attorney could not last after death, and it is not found that the letter was the subject of a gift *inter vivos* or *causa mortis*. If the power to collect after death existed it must be because the title to the account in some way passed to the wife, and the collection after death can be supported by the title in the wife. As the case stands it is not clear. The proof is confined to the testimony of Mrs. Goss. As the testimony is returned the item of $500 should be deemed assets, and the decree should be modified accordingly.

The third and remaining item is for a claim for premiums on life policies in excess of $500 in one year under chapter 277, Laws of 1870. The deceased had procured three policies, each for $10,000. Two were made payable to his wife and one was payable to the personal representative of Goss. This last policy was assigned to the wife in May, 1885. This assignment is found to have been made in good faith and without fraud. The proof fails to show that $500 was paid for premiums in any one year out of the funds of the deceased. The wife had a separate estate, and she contributed to the premiums yearly out of her separate estate and property. These payments were never returned to her, and she never received any benefit from them except from the policies she received after her husband's death. It seems probable that after the assignment in 1885, he paid nothing. He then became involved and gave up all his property to his creditors. No case is made in respect to this $10,000 assigned policy which should charge the administratrix with the amount of it. It was paid to the wife under a valid authority as between the widow and the company, and there is nothing in the case which would justify the administratrix in assailing the transfer.

The decree of the surrogate should, therefore, be affirmed, except

as to the $500, and as to that it should be modified by directing a new trial so that proof may be taken whether the claim was transferred to the wife, and if there be no such proof given, then the administratrix should be directed to account for it as an asset. No costs to either party on this appeal.

PRATT, J., concurred.

Decree modified so as to give a new trial as to the $500 collected after testator's death and unless proof be given that the claim was transferred to his wife, that it be decreed assets, no costs of appeal.